PEOPLE, PLAINTIFF AND APPELLEE, *v.* GARCÍA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of Section 162 of the Penal Code.

No. 974.—Decided April 25, 1916.

PLEA OF GUILTY—INFORMATION—DEMURRER—APPEAL.—If the facts alleged in an information do not constitute any offense, a plea of guilty upon arraignment and after a demurrer had been overruled does not prevent the appellate court from considering whether the information charges a crime and acquitting the defendant in case it does not.

ELECTION LAW—REGISTRATION.—As regards age, a person who is not qualified to vote at the next election—that is, one who will not be twenty-one years of age at that time—is not entitled to register; and, on the other hand, a person who will be qualified to vote on the day of the next election has a right to register although he may not be twenty-one years of age at the time of registration.

ID.—INFORMATION—REGISTRATION.—In order to charge the crime defined in section 162 of the Penal Code—namely, that the defendant registered without being entitled to do so because he was under age—the information should allege further that he would be under twenty-one years of age at the time of the next election.

ID.—REGISTRATION—ELECTORAL LISTS.—The electoral lists should contain only the names of electors who are qualified to vote.

The facts are stated in the opinion.

*Mr. Arturo Aponte, Jr.,* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant, Delfín García, was charged in the lower court with the violation of section 162 of the Penal Code in that during July of 1914 he caused his name to be registered in the registry of voters of Naguabo "knowing that he was not entitled to such registration because he was under the statutory age of a voter, which is twenty-one years or more."

His plea in the lower court that the facts alleged in the information did not constitute an offense was overruled, whereupon he pleaded guilty and was sentenced to pay a fine and it was ordered that his name be stricken from the electoral list.

The only question submitted by the appellant for our decision in his appeal from the judgment is the said demurrer pleaded by him in the lower court.

Of course, his plea of guilty upon arraignment and after his demurrer had been overruled only means that he acknowledged and admitted the truth of the facts alleged in the information, and if the said facts do not constitute an offense, this court may consider whether he committed a crime and acquit him if he did not, notwithstanding his plea of guilty.

We take judicial notice of the fact that elections were held in this Island in November of 1914, and, in substance, the charge against the appellant is that in July of that year he caused himself to be registered in the registry of voters knowing that he was not entitled to registration because he was under twenty-one years of age; that is, that he was not old enough to be a voter. In view, then, of the wording of the information, the question that presents itself and which has been raised by the appellant is whether the person registering must be at least twenty-one years old at the time of his registration, which is the age required by law for voters, or whether a person entitled to vote at an election to be held months later may register before reaching that age.

The election law does not say who are entitled to registration, but as section 15 prescribes that "Every male citizen of Porto Rico or of the United States of the age of twenty-one years or over on the day of election * * * shall be entitled to vote in the election precinct where he is registered," in our opinion it is evident that as regards age those who are qualified to vote in November, or, in other words,

those who will be twenty-one years or over on the next day of election, have a right to register at the time set for registration, inasmuch as the law recognizes their right to vote if they are registered; and, *a contrario sensu,* a person who will not be qualified to vote at the next election, which means to say one who will not be twenty-one years of age or over at that time, is not entitled to registration.

In view of the foregoing, we are forced to the conclusion that the information filed against the appellant charges him with no crime, for the mere fact that he was under twenty-one years of age when he registered constitutes no crime, inasmuch as he is not prohibited from registering in the electoral list if he will be twenty-one years of age or over on the day of election. In order to charge the crime defined in section 162 the information should have alleged further that he would be under twenty-one years of age at the next election, for in that case he would have registered without having a right to do so, inasmuch as the electoral lists should contain only the names of electors who are qualified to vote. See *The People* v. *Rodríguez, ante* page 155.

The judgment appealed from should be reversed and the appellant discharged.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.